Prob12A
(7/93)

# United States District Court
## for the District of Massachusetts
### Report on Offender Under Supervision

**Name of Offender:** Elliot Doxer        **Case Number:** 1: 11 CR 10268 - 01

**Name of Sentencing Judicial Officer:** The Honorable Denise J. Casper, U.S. District Judge

**Date of Original Sentence:** 12/21/2011

**Original Offense:** Foreign Economic Espionage, in violation of 18 USC §1831

**Original Sentence:** 6 months custody of the Bureau of Prisons to be followed by 24 months of supervised release

**Type of Supervision:** Supervised Release       **Date Supervision Commenced:** 6/15/2012

---

## NON-COMPLIANCE SUMMARY

The offender has not complied with the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| I | **Violation of Special Condition of supervised release: The defendant is prohibited from incurring new credit charges or opening additional lines credit without the approval of the Probation Office while any financial obligation remains outstanding.** |

In January 2013, Mr. Doxer contacted this writer to advise he was struggling to pay his $140 monthly payment after his hours as an independent tutor had been greatly reduced. As part of his updated financial analysis, this writer reviewed the defendant's credit report to ensure he had not opened any new lines of credit. At that time, it was discovered Mr. Doxer had opened three new accounts in October and December of 2012 with a Honda Dealership and two credit card companies.

| | |
| --- | --- |
| II | **Violation of Standard Condition of supervised release No. 5: The defendant shall work regularly at a lawful occupation unless excused by the probation office for schooling, training, or other acceptable reasons.** |

As noted above, Mr. Doxer commenced his term of supervised release on June 25, 2012. Since that time, he has failed to secure full time employment.

<u>U.S. Probation Officer Action:</u>

On February 21, 2013, Mr. Doxer reported to the Probation Office to attend an administrative hearing with this writer and Supervising U.S. Probation Officer Brian McDonald. The purpose of the meeting was to address the defendant's inability to secure full time employment since his release, as well as his decision to open three new lines of credit without the approval of the U.S. Probation Office. During the meeting, Mr. Doxer accepted responsibility for his actions and apologized for not being more forthcoming to the Probation Office about his

finances. Although he insists his prolonged employment is primarily due to his criminal record, he admitted he never contacted any of the Cori-friendly employers this writer had repeatedly told him to apply to over the course of his supervision. He also acknowledged that he stopped reporting to ancillary agencies to receive assistance with employment search several months ago.

Discussions with Mr. Doxer regarding his finances increased the probation department's concerns about Mr. Doxer's honesty and his willingness to pay the Court ordered fine. For the first time, Mr. Doxer explained that subsequent to the commencement of his supervised release, his 401K was liquidated resulting in his receiving a check for approximately $14,000. Rather than report the incoming money to the probation department, he suggests that he gave the check to his wife to address household expenses. Likewise, a review of his bank records confirms cash withdrawals that total $1,550.00 during the months of December and January. Again, without verification, Mr. Doxer suggests that this money was also given to his spouse to address household expenses.

Most troubling is that while Mr. Doxer would like the probation department to accept his explanation for the $16,305.00 he has given to his wife for household expenses since his release from custody, we are also expected to respect the fact that the assets possessed by her are hers and hers only. In short, they reside in a condominium owned by her, with a conservative value of $350,000, and a minimal balance remaining on her mortgage. Mr. Doxer is driving a 2013 Honda Accord, but we should not be concerned because the expense is being paid by his wife. While at the same time, $16,305.00 was given to Mr. Doxer's wife to address household expenses and Mr. Doxer was previously suggesting that a $140 per month repayment schedule was unreasonable.

Going forward, new expectations are in place regarding verification of expenses. Likewise, Mr. Doxer was reminded that the expectation is that the fine be paid in full prior to the termination of his supervised release. Mr. Doxer was told that although we are not in a position to pursue assets owned by his wife, if together they chose to, the fine could be paid in full immediately. We have informed the defendant he will only be credited for expenses that are documented in his name going forward. We have also directed Mr. Doxer to transfer the credit lines out of his name immediately to ensure compliance with his financial conditions.

Recognizing Mr. Doxer is highly educated, and has an extensive work history prior to his incarceration, our office made it clear to him we believe he has the ability to obtain full time work and contribute more toward his outstanding financial obligation. Therefore, the defendant has been advised he will have thirty days to obtain employment working at least 37.5 hours a week. Once Mr. Doxer is gainfully employed, we plan to implement a new audit and increase his monthly payments. Given that Mr. Doxer has accepted responsibility for his actions, and expressed a renewed focus to work with our office, we respectfully ask the Court refrain from taking any action at this time. However, we have made it clear to the defendant if he fails to comply with expectations outlined above, or if any further violations occur, we will revisit our recommendation and likely make a more restrictive recommendation to the Court.

Reviewed/Approved by:                                    Respectfully submitted,

/s/Brian McDonald                      By            /s/Patrick Skehill
Brian McDonald                                       Patrick Skehill
Supervising U.S. Probation Officer                   U.S. Probation Officer
                                                     Date: 03/04/2103

Prob 12A

- 3 -

**Report on Offender
Under Supervision**

[✓]   Approved
[ ]   Submit a Request for Modifying the Conditions or Term of Supervision
[ ]   Submit a Request for Warrant or Summons
[ ]   Other

_____
Signature of Judicial Officer

March 5, 2013
_____
Date